## Charles Saville v. Joe Marsach.

1. VERDICTS—*On Conflicting Evidence.*—Where the evidence as to the liability of defendant to plaintiff is conflicting, a verdict and judgment in favor of plaintiff will not be disturbed.

2. INSTRUCTIONS—*Refusal Where Embodied in Others Given.*—It is

not error to refuse an instruction which is embodied in another given instruction.

**Assumpsit**, for services. Appeal from the Circuit Court of Kankakee County: the Hon. JOHN SMALL, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed February 13, 1901.

STEPHEN R. MOORE, attorney for appellant.

No appearance for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was a suit brought by Marsach against Saville before a justice of the peace, where Marsach recovered a judgment for thirty dollars. Saville appealed to the Circuit Court, where the cause was tried by a jury, which rendered a verdict for Marsach for thirty dollars, upon which judgment was rendered, and Saville again appeals.

Marsach began to work for Saville as a farm hand on March 1, 1898, at twelve dollars per month, and worked two months and three weeks and then quit. Saville paid him nothing for this work, and this is a suit brought for the wages earned during that period. Marsach claims he was to work for Saville that summer at twelve dollars per month, without any definite time being fixed; that he repeatedly asked pay of Saville, and the latter would pay him nothing, and that Saville was also in arrears to him five dollars due Marsach under a former employment; that he needed clothes and shoes, and as he could not get money from Saville he was obliged to leave, and did leave on that account. Marsach proved by himself and by another witness that Saville afterward promised to pay this claim at a later date. Saville claims he hired Marsach for a year at twelve dollars per month; that Marsach left without cause in order to get higher wages elsewhere, and therefore Saville is not liable in this action. The jury decided these questions of fact for Marsach, and we find nothing in the evidence which would justify us in disturbing the verdict.

The instruction offered by the defendant and refused is embodied in the one given for defendant. The judgment is affirmed.